Parker C. J.,
in giving the opinion of the Court, said, in substance, that the words in St. 1820, c. 79, § 5, allowing a party thinking himself “ aggrieved by any opinion, direction or judgment of said Court of Common Pleas, in any matter of law, to allege exceptions,” were very broad, but that some cases must be considered as not comprehended within them; as where the Court has not common law jurisdiction. Thus in a case* * upon St. 1785, c. 66, § 2, respecting the maintenance of bastard children, it was determined that a bill of exceptions could not be sustained, because this Court could not enter such judgment as was required, nor grant a new trial. A similar decision was made in another case, † where there was a submission to referees under St. 1786, c. 21. That was a case of special jurisdiction, and there could not be a trial in this Court.[1] But this is an action in common form. Referees were appointed under a rule of court and their report was accepted ; and this decision is said to be wrong. Though a statute was passed, many years since, to prevent appeals in cases like the one before us, yet the party aggrieved had relief upon a writ of error. This action may be tried here, if the order of the Court of Common Pleas was wrong, and judgment may be entered as in other *606 cases; and it is an easier and less expensive course to proceed by filing exceptions, than by suing out a writ of error. The words of the statute are comprehensive enough to embrace this case, and no inconvenience will result from sustaining the exceptions.

Motion overruled.'

[2]

 Gile v. Moore, ante, 386.

 Dean v. Dean, ante, 25, 26, n. (1) and n. (3).

 See Howe’s Pract. 454

 See Olney v. Brown, post, 572.